On ti-ie Merits.
This is a suit to set aside a conveyance by the late Sarah A. Nicol to William Rhody, the defendant, and for a judgment decreeing thait plaintiff is the only forced heir of the late Sarah A. Nicol. Plaintiff charges that the conveyance was a pure simulation; that the defendant resorted to undue influence and persuaded her grandmother to sign the act in question.
The testimony shows that the plaintiff’s father, the late Henry S. Nicol, was the only child of Sarah A. Nicol, and that plaintiff was his only child, and it follows the only grandchild of the late Sardh A. Nicol, and as such is entitled to all the property left by her grandmother at her death; that about two days previous to her death, Mrs. •Sarah A. Nicol signed a certain act or title passed before the clerk of court, conveying part of her real estate to the defendant, Rhody, who was an orphan who had been adopted by the sister of Sarah A. Nicol, and who, .after his adopted mother’s death, resided part of the time near the home of Mrs. Sarah A. Nicol. The officer who passed the act testified that Mrs. Nicol requested to be informed by him whether she should make a will or pass an act of sale, and he advised her to do the latter. The defendant had rendered many services to Mrs. Nicol. His residence was near, and his family had shown much attention .to the old lady, which old people nearly always appreciate and sometimes exaggerate. There is evidence before the court to prove that she was addicted to the use of strong drink, and that the defendant encouraged this weakness. This was met by evidence to prove the contrary, and, in addition, by evidence that the defendant never exercised such influence over the old lady as was charged.
Defendant pleads the general denial, and specially avers that he was legally adopted by the sister of the late Mrs. Sarah A. Nicol; that he was her business agent, and that during the last six months of her life she required constant attention, and that he or some member of his family was with her night and day to supply her wants, she being confined to her room and most of the time in bed; that his. ser vices thus rendered were well worth nine hundred and thirty-five 50-100 dollars, that is seventy-five dollars a year for eight years and six months, and for the *2032 last six months three hundred dollars; that ihe, .at her request, went on. the property secondly described in the act o'f conveyance, built an addition to the dwelling house, built out-houses, and cleared and fenced thirty-five acres of land, which are worth the sum of three hundred dollars. He avers that it was in consideration of the services mentioned that the conveyance was made to him.
Plaintiff attacks this conveyance on the ground that there can be no sale, no dation en paiement, nor a remunerative donation without a price fixed and determined by the parties, and that, in fact, the defendant never gave any consideration for the conveyance. The price set out in the deed of conveyance in question was one dollar, “and other valuable consideration paid in cash.” One of the witnesses to the act, who was well acquainted with Mrs. Nicol, testified that she was in the full enjoyment of her mental faculties, though weak and feeble, owing to sickness and old age; that she appeared fully to understand the nature of the act she was signing. The purchaser was present, and he (the witness) did not discover that he, the purchaser, exerted any intimidating influence over her. Mrs. Sarah A. Nicol died two or three days after the signing of the deed.
The judge of the lower court said, in a well considered opinion, that the evidence failed to show that fraud, violence or duress had been practiced on the plaintiff’s grandmother, but that the defendant’s alleged value of hi's services to the late Mrs. Nicol, as a consideration for the conveyance, were more than compensated by the pecuniary aid whidh defendant received from plailitifE’s grandmother. The court a qua arrived at the conclusion that the conveyance was intended as a donation, pure and simple, and pronounced judgment for the defendant.
Before entering directly upoh the discussion of the issues before us for decision, we take up the question of simulation with the view of determining, in a general way, when an act is a simulation and when it is not.
A simulated act of sale is defined as one without a price, yet setting forth that the vendee has paid or obligates himself to pay a price. It sets forth a price essential to a sale, while, in reality, there is no intention to hold the vendee to the payment of a price. It always implies fraud or misrepresentation.
The vendor, in the case of the sale here attacked, did not seek to conceal anything. She declared, at the time, that she desired to convey her property as she 'did, in order to place it in the name of the vendee, *2033 as she wished him to become its owner. There is nothing in the amount mentioned as the price stated showing an intention to conceal. One. dollar is not a consideration. True, she declared in the deed that she had received other valuable considerations. This, in ata. act of sale, was no consideration at all. It is evident that Mrs. Sarah A. Nicol imagined at the time, that she opght to convey this property to the defendant in . order to indemnify him for kind offices which he had performed in her behalf. It is evident that she over-estimated the 'value of the services he had rendered, and that, in view of amounts the defendant had previously received, he had been more than amply compensated therefor; but she manifestly was not of that way of thinking, and the fact that she declared in the deed that there was “other consideration/’ which . evidently referred to defendant’s conduct toward her, is not of such a character as to render the deed a fraudulent simulation. In order that an act of simulation may be annulled, it must be shown that a fraud on the" law was intended. Nothing of the sort appears here. The act was not a simulated sale. It was intended as a donation. Plaintiff contends that it can mot be considered as a donation, for the reason that a donation can not be made in the form of an onerous contract, citing Cole vs. Cole, 7th N. S., 414. In the cited case no sale had been made of property. The payment of notes, executed by one since deceased in favor of .the holder, was resisted on different grounds, chiefly, that they were executed without consideration. The- court decided that the notes were not given for value received, but that they were donations in disguise. The maker stated an amount of indebtedness, although he did not owe it, in order to enable the holder, after his death, to recover a large amount from his succession. The note was not authentic .evidence of indebtedness, and therefore could not be held binding- as evidencing a donation.
In the case in hand it is different; the act complies with all the forms necessary to an act of donation. The act only differs from an act of donation in that it sets out that vendor “sells, transfers and conveys.” If the word “donates” had been used instead of “sells,” the act would have been complete and legal beyond all question. The act may import a donation if there is no price. Such an act may be valid as a donation if it contains all the formality required in a donation. The law requires that in the matter of donations the act must be in authentic form. If it be in that form, and there be no price, it may yet be held valid as a donation when it) contains all the requisite formalities, and the donee at *2034 once goes into possession, though the act would be null as a sale. This view has been repeatedly expressed by the court. Rhodes vs. Rhodes, 10 La., 85; D’Orgenoy et al. vs. Droz, 13 La., 382.
“If there is no- just cause of declaring it null, it may exist in. another form as an exchange, a donation, or pledge.” Wolf vs. Wolf, 12 Ann., 529.
With regard to such an act, this court said, in D’Orgenoy vs. Droz, 13 La., 382, the contract is a donation improperly called a sale. It embraced all the required formalities, and we have viewed it as not in any sense a simulation. The owner having the right to make a donation, provided it does not trench upon the legitime, the forced heir is not, in law, to be heard to set aside an act on the ground that it purports on its face to be a remunerative, instead of a gratuitous donation. The donor has the right to make either, provided he violates no law. If the act, in general terms, sets out that there is a consideration, if there is none, it may yet be considered as a gratuitous donation if one has the right to donate at all. Treating the subject in an illustrative form: In an authentic deed A may donate property, for a consideration, to B. It does not concern 0, an heir, how much or how little it embraces .as consideration. It is A’s property, which he might donate gratuitously, and if he chooses to use the word onerous or remunerative, it would none the less be-binding, provided no third person is in any way prejudiced in his rights. The facts! prove that it was the intention of this vendor to donate this property to the defendant. It was- not a business transaction in which one, for an inconsiderable price, undertook to convey property, but was the act of one who intended to donate property, and to that end sent for the officer to draw up such an instrument as would enable her to effect her purpose.
It is also contended by plaintiff that tiróse-who are in imminent danger of death through sickness or' otherwise, can not make donations that are to have their effect in the donor’s lifetime, citing Domat’s Civil Law (Cushing’s Ed.) Vol. 2, p. 495, Sec. 3477. Those are the views of this commentator upon the subject. There is no such prohibition in our Code. “All persons have the capacity to contract, except those whose incapacity is especially declared by law.” C. C. 1782. The evidence does not disclose that she was not mentally able to donate the property and sign the deed. One of her neighbors, who signed the deed as a witness, testified that she conversed with him at the- time the deed was drawn as she usually did whenever he met her, and that nothing *2035 ■about her uttenances indicated any incapacity to contract. She was sick, it is true, but not confined to her bed.
With reference to the plaintiff’s charge that defendant gave intoxicating drinks to her grandmother, of which she avers she had become fond in her declining years, and the violence resorted to by defendant, we have arrived at the conclusion to which the judge of the District Court arrived, and which was expressed in the following words: '“Plaintiff alleges fraud, violence, duress, etc., practiced on the ancestor ■by the defendant. The evidence fails to support these grave charges.” We will not set forth all the proof on this point, which has brought us to ■this conclusion. Both plaintiff and defendant have chosen to make •charges, the one against the other. We ’¡have given an outline of the plaintiff’s charges. The defendant, on the other hand, charges that the granddaughter abandoned her grandmother while he remained near her and gave her needful care; that she at times visited the house of her grandmother, and accepted the hospitality of himself and his family, whose house was very near that of the grandmother, at the very time she iirges that his conduct toward the grandmother was unfeeling and harsh. We are not inclined to accept , either as correct. We do not think that there was any abandonment on the part of the plaintiff, who resided at some distance, nor do we think that the defendant was guilty ui the inhuman acts charged. Neither charge is sustained by the evidence. . , -
Plaintiff lays great stress on the legal effect of Act 5 of 1884. .We do not take it that the statute takes from orle the right to donate property when no one is thereby prejudiced, and the donor violates no law. The ■•statute does not enlarge the right of an heir to the legitime, nor does if provide that no donation shall be made by the owner. We have seen that the question of fraudulent simulation is not at issue. The judgment of the District Court reserves to the plaintiff any rights she may have to reduce the donation and any claim she may have for the indebtedness of the defendant.
For these reasons the judgment of the District Court is affirmed.
Rehearing refused.